IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00966-BNB

CLYDE HARVEY,

    Plaintiff,

v.

WELD COUNTY DISTRICT ATTORNEY,
WELD COUNTY SHERIFF,
WELD COUNTY DISTRICT ATTORNEY'S OFFICE, and
WELD COUNTY SHERIFF'S OFFICE

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Clyde Harvey, currently resides in Briggsdale, Colorado.  Acting *pro se*, Mr. Harvey initiated this action by filing a Complaint pursuant to 42 U.S.C. § 1983, 49 U.S.C. §§ 383.3 and 387.3, and UCC 1-207, and a "Motion and Affidavit for Injunction Pursuant to 49 U.S.C. § 383.3, 387.3 42 C.R.S. 42-2-402, 42-3-305, 42-2-102."

    The Court must construe the Complaint and Motion liberally because Mr. Harvey is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court should not act as an advocate for *pro se* litigants.  *See id.*  For the reasons stated below, the Court will dismiss the Complaint and action as legally frivolous.

In general, Mr. Harvey is challenging his arrest by the Weld County Sheriff's Department for driving without a license and failure to provide proof of insurance. Specifically, he contends that he has relinquished his United States citizenship and has "expatriate[d] from the political, commercial system, and notice of his change of status was sent in writing to all levels of the court." Compl. at 2. Mr. Harvey further asserts that he changed the registration of his truck from commercial to recreational, exempting the requirement of a license and insurance, and sent notice of this change, but he does not state to whom he sent the notice. Mr. Harvey also asserts that he has "RTK" plates and a registration card that exempts his truck under Colorado regulations. Mr. Harvey contends that Weld County and its agents maliciously prosecuted him and tortiously interfered with his rights under "Titles 42 and 49." He also contends that the District Attorney's Office violated Colo. Rev. Stat. §§ 42-2-102(c), 42-3-305(13), 42-2-402 and I.C.C. 383.3 and 387.3 in finding him guilty and convicting him.

Mr. Harvey also asserts a loss of private property because his truck was towed and conveyed to a local savage yard in violation of U.S.C. § 370 and UCC 1-207. As relief, Mr. Harvey seeks damages and injunctive relief.

The Court finds no basis for Mr. Harvey's claims. First, sections 383.3 and 387.3 do not exist under Title 49 of the United States Code. Second, Mr. Harvey's reliance on UCC 1-207 is misplaced. Also, U.S.C. § 370 is an incomplete citation. Mr. Harvey's reliance on Colo. Rev. Stat. § 42-2-305(13) for his ability to use an RTK recreational license is baseless because § 42-2-305 was repealed effective July 1, 2010.

Furthermore, under Colo. Rev. Stat. § 42-2-102(1) Mr. Harvey must be issued a current valid driver's license to drive **any** motor vehicle on a highway in the State of Colorado. Changing the classification of a vehicle from commercial to recreational does

2

not exempt Mr. Harvey from the requirement that anyone driving a motor vehicle on a State of Colorado highway must have a current valid driver's license. Also, claiming to be a Colorado State National does not exempt Mr. Harvey from the driver's license requirement. Colo. Rev. Stat. § 42-2-102(1)(c) does not provide for an exemption, as suggested by Mr. Harvey, where a person may create a state or jurisdiction solely for the purpose to circumvent the laws of the state where he resides.

It is a valid exercise of the state's police power to require all persons who operate motor vehicles on state highways to possess a valid driver's license. The regulation is rationally related to the state's purpose in safeguarding the health and safety of its citizens, and the means employed by the state are rationally related to the purpose of the statutes. *Kaltenbach v. Breaux*, 690 F. Supp. 1551, 1554-55 (W.D. La. 1988). The right to travel, like the right to free exercise of religion, is fundamental but not absolute. *Shapiro v. Thompson*, 394 U.S. 618 (1969), *overruled in part on other grounds by Edelman v. Jordan*, 415 U.S. 651 (1974). The Supreme Court has held that conditions precedent to granting a driver's license, car registration, or license plates do not infringe on constitutional rights. *Bell v. Burson*, 402 U.S. 535 (1971); *Ex Parte Poresky*, 290 U.S. 30 (1933) (liability insurance as a precondition).

Plaintiff's contention that the State of Colorado may not require him to have a driver's license is devoid of merit. Requiring a driver's license is a reasonable and necessary regulation which does not offend due process. *See Reitz v. Mealey*, 314 U.S. 33, 35 (1941) ("The use of the public highways by motor vehicles, with the consequent dangers, renders the reasonableness and necessity of regulation apparent. The universal practice is to register ownership of automobiles and to license their

drivers."), *overruled in part on other grounds by Perez v. Campbell*, 402 U.S. 637, 652-54 (1971).

Mr. Harvey, also, may not recover damages for the claims that he asserts because he challenges the validity of his conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. A judgment in favor of Mr. Harvey, in this action, necessarily would imply the invalidity of his criminal proceedings and subsequent conviction. Mr. Harvey does not allege an invalidation nor is there an indication in the Complaint that he was granted one. Accordingly, his claim for damages is barred by *Heck*.

With respect to Mr. Harvey's claim that the Weld County Sheriff's Department conveyed ownership of his truck to the towing company and the truck subsequently was sold to a salvage yard, an unauthorized intentional deprivation of property by state officials does not violate the Due Process Clause if a meaningful postdeprivation remedy for the loss is available. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). Mr. Harvey fails to allege that a meaningful postdeprivation remedy was unavailable.

Finally, defendants are improperly named parties to this action. The District Attorney's Office is an agency of the State of Colorado. As such, it is protected by

Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988).

The Weld County District Attorney also is immune from suit under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). Mr. Harvey's allegations against the district attorney involve no more than acts that are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991)).

Mr. Harvey also may not sue the Weld County Sheriff's Department because the department is not a separate entity from Weld County and, therefore, is not a person under 42 U.S.C. § 1983. *See Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. Feb. 11, 1993) (Table case). Any claims asserted against the Sheriff's Department must be considered as asserted against Weld County.

Nonetheless, municipal entities such as Weld County are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Harvey cannot state a claim for relief under § 1983 against a municipality merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Based on the above findings, the Court finds that Mr. Harvey's claims are legally frivolous and will dismiss the action.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this

order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Harvey files a notice of appeal he must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that the Motion for Injunction, Doc. No. 4, is denied as moot.

DATED at Denver, Colorado, this  27th  day of    April    , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court